CITY OF CLIFTON, PROSECUTOR, v. STATE BOARD OF TAX APPEALS ET AL., DEFENDANTS.

Submitted December 4, 1943—Decided April 10, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *John G. Dluhy* and *Frank W. Shershin.*

For the defendants, *Louis A. Fast, Joseph L. Lippman* and *Samuel I. Kessler.*

The opinion of the court was delivered by

DONGES, J. This *certiorari* was allowed to review certain judgments of the State Board of Tax Appeals, entered on

May 19th, 1942, in four appeals entitled "In the matter of the Appeal of West Ridgelawn Cemetery from the Assessment of Property in the City of Clifton, County of Passaic, for the year 1940." The property involved was assessed for taxation for the year 1940 by the City of Clifton as four separate parcels. Application for exemption was made to the Passaic County Board of Taxation upon the ground that the lands and improvements involved constituted non-taxable cemetery property, which applications were dismissed. Upon appeal to the State Board of Tax Appeals, the judgment of the Passaic County Board of Taxation was reversed and the assessments on all the parcels of property in question were canceled. *West Ridgelawn Cemetery* v. *Clifton*, 20 *N. J. Mis. R.* 399. The history and facts are fully set forth in the State Board's opinion.

It is unquestioned that the proofs before the State Board were that on October 1st, 1939, the assessing date, legal title to all of the lands in question was in respondent West Ridgelawn Cemetery, and that Cresthaven Cemetery Association, a rural cemetery association, had equitable title to the property. The lands were held to be exempt from taxation under *R. S.* 54:4–3.9 and *R. S.* 8:2–27.

Upon the proofs before the State Board we conclude there was no question of the ownership and no substantial dispute that title and interest to all of the land, as of the assessing date, was held by appropriate cemetery associations, and that the lands were dedicated to and used exclusively for cemetery purposes.

On the *certiorari* voluminous depositions were taken by prosecutor in an effort to show that, while title was in respondent, Cresthaven Cemetery Association, Inc., a business corporation, and, admittedly, not a cemetery association within the purview of the applicable statutes, was, in fact, the owner and that the rural cemetery association was merely holding an equitable interest for the benefit of the business corporation.

The testimony discloses that moneys were advanced by an individual and the business corporation to acquire the "Lockwood Tract" and to develop and to put the property in shape

to comply with the terms of the order of the Court of Chancery, dated January 15th, 1936, for sale of the West Ridgelawn Cemetery property by the receiver thereof, to the assignee of one Sacks, the purchaser under said order. The record discloses (*Exhibit P-11*) that the rural cemetery association received a deed from the receiver on August 19th, 1940. The order of the Court of Chancery required the expenditure of moneys in considerable amounts for the improvement of the property. It is urged by respondent that the sums expended by the business corporation were entirely designed to carry out the terms of the order referred to and to make possible the acquisition by the rural cemetery association of the property, with a view to operation without profit, under the provisions of the Rural Cemetery Act.

As stated, the property was assessed as four separate tracts, although they were adjoining and contiguous and may have constituted one cemetery, within the statute, *R. S.* 8:2–1 and 8:2–2, not exceeding in all 125 acres, as provided by statute, and as limited by the ordinance of the Township Committee of the Township of Acquackanonk (*Exhibit P-13*), adopted December 12th, 1905, authorizing the location and operation of a cemetery by West Ridgelawn Cemetery at the location in question. We do not deem it necessary, in view of our conclusions on the facts, to determine this question.

We conclude that the prosecutor has not established that the lands in question were not, on the assessing date, owned by an appropriate cemetery association, and that they were not laid out and dedicated for cemetery uses, and that they were not either actually used for burials, or were not being laid out and prepared for such use. The judgments of the State Board of Tax Appeals should be affirmed.

The writ of *certiorari* is, therefore, dismissed, with costs.